IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODRIGO DOMINGUEZ,

    Petitioner,

v.                                                                                    Civ. No. 10-00354 JB/RLP

TIMOTHY HATCH, Warden, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1. This is a proceeding brought pursuant to 28 U.S.C. § 2254. Counsel was appointed to represent Petitioner. Respondents argue that the petition is time-barred. Because the Court agrees, it does not address the merits of the petition.

2. Following a jury trial, petitioner was sentenced to 36 ½ years' incarceration for multiple counts of manslaughter, aggravated battery, tampering with evidence, and shooting at or from a motor vehicle. Answer [Doc. 16]. He appealed his convictions and the matter was remanded to state court to amend the sentence. *Id.* The Amended Judgment and Sentence was entered on March 1, 2005.

3. Pursuant to N.M. Rule Crim. Proc. 5-801 Petitioner had 90 days to file a motion to reconsider his sentence. He did so on March 17, 2005 and the Motion was denied on May 3, 2005. Pursuant to N.M. Rules App. Proc. 12-201(A)(2), Petitioner had 30 days to file an appeal from the denial of the Motion, which would have been June 2, 2005.

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

4.      The Anti-terrorism and Effective Death Penalty Act (AEDPA) provides for a one-year limitation period from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  According to the foregoing events and statutory provisions, Petitioner's clock started running on June 3, 2005.

5.      On June 6, 2006, more than one year later, Petitioner filed a petition for writ of habeas corpus in state court.  Exhibit U.  He was already out of time by three days.  But even if the Court were to accept that the June 6, 2006 filing was not over one year, subsequent events would render his federal petition untimely.

6.      For example, the New Mexico state court denied the petition on January 27, 2009.  Exhibit BB.  His petition for writ of certiorari was denied on May 29, 2009.  Exhibit EE.  Petitioner needed to file his federal § 2254 petition immediately.  He did not.  Instead, he filed a second state habeas petition on June 12, 2009, which was summarily denied on June 19.  Exhibits FF & GG.  On July 29, 2009 Petitioner was notified that his petition for writ of certiorari was untimely and therefore denied.  Exhibit HH.  Again, Petitioner did not file in federal court.  Instead, he filed a third writ in state court on August 11, 2009.  Exhibit II.  After the summary denial of the writ, Exhibit KK, and his filing for certiorari and its denial on November 19, 2009, Exhibits LL & MM, Petitioner still failed to come to federal court.

7.      Instead, on December 21, 2009 he filed a Motion for New Trial which was denied the same day.  Exhibits NN & OO.  Almost one month later, Petitioner filed his third state habeas petition on January 14, 2010.  Exhibit PP.  The petition was summarily denied the same day.  Exhibit RR.  His petition for certiorari, Exhibit SS, was denied on February 26, 2010.  Exhibit TT.  Not until April 13, 2010 did Petitioner file his federal petition, almost

two months after New Mexico Supreme Court denied his petition.

8.      As can be seen by the foregoing discussion, Petitioner's § 2254 was out of time by several months.  He argues that in the event the petition should be deemed untimely, he should be entitled to equitable tolling.  To be eligible for equitable tolling a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).  Petitioner argues his diligence in filing his state proceedings and the fact that he was told he had to file his federal petition one-year from the New Mexico Supreme Court's mandate.

9.      Petitioner's persistence in filing multiple state court petitions over a four-year period does not signify diligence in seeking federal relief.  *See Mancuso v. Mullin*, 2010 WL 354135, *5 (W.D. Okla. 2010) (unpublished opinion)(citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).  Incorrect advice of counsel about the federal deadlines does not warrant equitable tolling.  *Flynn v. Kansas*, 299 Fed.Appx. 809, **2 (10th Cir. 2008) (unpublished opinion) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling . . . .).

## RECOMMENDED DISPOSITION

I recommend that the petition for writ of habeas corpus be denied and the case dismissed with prejudice.

_____
Richard L. Puglisi
Chief United States Magistrate Judge