**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RODRIGO DOMINGUEZ,

       Petitioner,

v.   No. CIV 10-0354 JB/RLP

TIMOTHY HATCH, Warden, and
GARY KING, Attorney General of the
State of New Mexico,

       Respondents.

**ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Report and Recommendation, filed November 29, 2010 (Doc. 18)("R&R"); and (ii) the Petitioner's Objections to the Magistrate Judge's Report and Recommendation, filed December 13, 2010 (Doc. 19)("Objections"). The primary issue is whether Petitioner Rodrigo Dominguez' Petition was timely filed. Because the Court finds that the one-year period of limitation for filing a petition for a writ of habeas corpus, set forth in 28 U.S.C. § 2244(d)(1), was not equitably tolled, the Court finds that Dominguez did not timely file his Petition, and adopts the Honorable Richard L. Puglisi, United States Magistrate Judge's R&R, except for Chief Magistrate Judge Puglisi's finding that Dominguez did not diligently pursue his rights.

Chief Magistrate Judge Puglisi found that Dominguez' Petition is time-barred, because it was filed outside of the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). See R&R at 1. Section 2244 of Title 28 of the United States Code states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Courts have held that a petition filed one day late is sufficient to find a petition untimely. See Rouse v. Lee, 339 F.3d 238, 244 (4th Cir. 2003). Chief Magistrate Judge Puglisi found that the one-year limitation period began to run on June 3, 2005, when Dominguez' time to appeal the state court's denial of his motion of reconsideration expired. See R&R at 1-2. Chief Magistrate Judge Puglisi found that Dominguez' filing of a petition for writ of habeas corpus in state court on June 6, 2006, which would have tolled the one-year limitations period, was not filed within the year. See R&R at 2. Chief Magistrate Judge Puglisi therefore found that Dominguez' Petition, filed April 14, 2010, was untimely filed. See R&R at 2. Chief Magistrate

---

[1] Although this argument was apparently abandoned, Dominguez' contention that the clock did not start running until the Supreme Court of New Mexico issued its mandate is not supported by the law. Neither the Court nor the parties have found any law on point, nor any statutory provision requiring a mandate for finality. In Luna v. Cerrillos Coal R. Co., 29 N.M. 647, 226 P. 655 (1924), a civil case, the issue was whether the lower court had jurisdiction to enter the judgment, because no mandate had issued from the Supreme Court of New Mexico. The Honorable Sam G. Bratton found that the district court had jurisdiction to enter a final judgment, noting that

> there is no statutory requirement in this state that a mandate shall be issued to the court below. The practice of issuing mandates arose under a rule of this and the territorial court, See rule 9 of rules promulgated July 31, 1919. The rule was not designed to require the mandate as a means of reinvesting the lower court with jurisdiction, but was designed to furnish the lower court, in specific and convenient form, the evidence of the action taken here. But the reinvestiture of jurisdiction in the lower court is accomplished by the judgment rendered by this court. Hence it is immaterial that the mandate was not on file, although it had been issued [when judgment was rendered].

29 N.M. at 649, 226 P. at 656.

Judge Puglisi stated that, even if the June 6, 2006 filing was made within the one-year limitation period, his calculations showed that Dominguez' federal petition was untimely. See R&R at 2. Chief Magistrate Judge Puglisi stated that, assuming Dominguez' time started running on June 6, 2005, the date he filed a state habeas petition, the writ of certiorari was denied on May 29, 2009. See R&R at 2. Dominguez therefore had to file his § 2254 petition in federal court the same day, but he did not. As Chief Magistrate Judge Puglisi stated, Dominguez instead filed a second habeas petition on June 12, 2009. See R&R at 2. Chief Magistrate Judge Puglisi found that Dominguez was then fourteen days out of time. See R&R at 2. The state court summarily denied the petition on June 19. See R&R at 2. Dominguez filed a petition for writ of certiorari, but he was notified on July 29, 2009 that it was untimely. See R&R at 2. Therefore, in addition to the fourteen days of elapsed time, Dominguez' time started running again on July 28th -- the date he should have filed his petition for writ of certiorari. See R&R at 2. The clock ran until August 11, 2009, the date he filed his third state petition for habeas corpus, another fourteen days. See R&R at 2.

     Dominguez timely filed his Objections. See Petitioner's Objections to the Magistrate Judge's Report and Recommendation, filed December 13, 2010 (Doc. 19). In his Objections, Dominguez objects to Chief Magistrate Judge Puglisi's calculations, upon which he based his statement that, even if the June 6, 2006 filing was not made outside the one-year limitation, Dominguez' federal petition was untimely. See Objections at 2. Dominguez argues that Chief Magistrate Judge Puglisi should have made his calculations based on the date that Dominguez placed his state petitions for habeas corpus in the prison mail system and not on the filing date of the petitions. See Objections at 2. The Court overrules Dominguez' objections to Chief Magistrate Judge Puglisi's calculations, because his objections do not have a sound basis in the facts or in the law of the case. Rule 5-802 NMRA states that a petition for habeas corpus

>is deemed to be filed with the clerk of the court on the day the petition is deposited in the institution's internal mail system for forwarding to the court provided that the petition states within the petition, under penalty of perjury, the date on which the petition was deposited in the institution's internal mail system.

Rule 8-502B NMRA. Dominguez' state habeas petitions do not, however, state under penalty of perjury the date on which the petition was deposited in the prison's mail system.

Dominguez' Objections are based largely on Chief Magistrate Judge Puglisi's determination that the one-year limitation period was not equitably tolled. Dominguez objects to Chief Magistrate Judge Puglisi's finding that the one-year period for filing his Petition began running on June 3, 2005, arguing that under equitable tolling principles, the period began to run on September 14, 2005, the date the Court of Appeals of New Mexico issued its mandate for its ruling on his appeal of the district court's denial of his motion to reconsider, which was the date his former attorney told him would start the period. See Objections at 1-2.

There is a rebuttable presumption in favor of equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he or she shows: (i) that he or she has been diligently pursuing his or her rights; and (ii) that some extraordinary circumstance stood in his or her way, and prevented timely filing. See id. at 2562 (citation omitted). This determination is made on a case-by-case basis. See id. at 2563. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Id. at 2565 (internal quotations marks and citations omitted). The Supreme Court has stated that "'a garden variety claim of [a lawyer's] excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Id. at 2564 (citation omitted).

Dominguez objects to Chief Magistrate Judge Puglisi's finding that his persistence in filing multiple state court petitions does not constitute diligence. See Objections at 8-9. In reaching his

conclusion, Chief Magistrate Judge Puglisi relied upon Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000), in which the United States Court of Appeals for the Tenth Circuit stated that the petitioner did not exercise due diligence in pursuing his federal claims when he did not demonstrate why he did not pursue his appeal of his judgement in state court or "why he did not file his federal habeas petition within the 185 days after the state appellate court affirmed the denial of his post-conviction application." 232 F.3d at 808. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland v. Florida, 130 S. Ct. at 2565 (internal quotations marks and citations omitted). The Court believes that Dominguez exercised reasonable diligence in filing three pro se petitions for a writ of habeas corpus in state court in an attempt to exhaust the remedies available in state court. See United States v. Gabaldon, 522 F.3d 1121 (10th Cir. 2008)(finding that the petitioner exercised due diligence when he took numerous actions in preparing his § 2255 motion, and stating that a petitioner should not be faulted for failing to file early or to take precautions against exceptional circumstances that might occur later in the period). Cf. Holland v. Florida, 130 S. Ct. at 2565 (finding that the prisoner exercised reasonable diligence through contact with his attorney seeking information and providing direction, repeated contact with the state courts in an effort to have his attorney -- "the central impediment to the pursuit of his legal remedy" -- removed, and through filing his own habeas petition pro se when he discovered the one-year limitations period already ran). The Court believes that Dominguez' conduct is more similar to that in United States v. Gabaldon and Holland v. Florida than in Gibson v. Klinger.

Dominguez also objects to Chief Magistrate Judge Puglisi's finding that his former counsel's incorrect advice regarding when the one-year limitation period began does not warrant equitable tolling. See Objections at 4-8. The Supreme Court has recognized a presumption in favor of equitable tolling, but has also stated that "'a garden variety claim of excusable neglect,' such as a

miscalculation or misinterpretation of the law, does not warrant equitable tolling." Holland v. Florida, 130 S. Ct. at 2564 (citation omitted). See Benshoof v. Tavanello, No. 10-6207, 2010 WL 3995974, at *3 (10th Cir. Oct. 13, 2010)(stating that the petitioner did not show he was entitled to equitable tolling when he argued that his attorney warned him against appealing, but failed to explain how the warning delayed his postconviction claims); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)(recognizing that an attorney's miscalculation of the limitations period and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)(stating that counsel's mistake in interpreting the statutory provision regarding the limitation period was not an extraordinary circumstance that would justify equitable tolling). Several federal courts have recognized, however, that unprofessional attorney conduct may, in certain circumstances, constitute extraordinary circumstances. See Holland v. Florida, 130 S. Ct. at 2564-65; United States v. Martin, 408 F.3d 1089 (8th Cir. 2005)(finding that equitable tolling applied when the attorney misrepresented the law by stating there was no "such thing as a one-year filing deadline for § 2255 motions," misrepresented the status of the prisoner's case by stating that he had filed the § 2255 motion, failed to communicate with his client, and failed to return his client's paperwork despite repeated requests); Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003)(finding that an attorney's conduct -- specifically, his failure to follow his client's direction to file a § 2255 petition, failure to conduct legal research on the case, failure to speak to his client and keep his client reasonably informed about the case -- was "sufficiently egregious" to constitute an extraordinary circumstance that would justify equitable tolling). Dominguez relied on his former attorney's statement that the one-year period would begin to run upon issuance of the Court of Appeals of New Mexico's mandate. See Objections at 6-7. While the circumstances are unfortunate, the Court does

not believe that they constitute an extraordinary circumstance that justifies equitable tolling, because the attorney's statement appears to be a misinterpretation of the relevant law and not unprofessional conduct. See Harris v. Hutchinson, 209 F.3d at 330 (stating that counsel's mistake in interpreting the statutory provision regarding the limitation period was not an extraordinary circumstance that would justify equitable tolling). The Court does not believe that the circumstances in this case rise to the level of the circumstances in cases in which the courts found that the attorney's conduct was sufficiently egregious to constitute extraordinary circumstances. See Baldayaque v. United States, 338 F.3d at 152-53. While Trace Rabern, Assistant Public Defender, gave Dominguez incorrect advice, there is no evidence that she gave him erroneous advice intentionally; the advice appears to be a mistake. Once Dominguez began to proceed pro se, it was his obligation to file his petition and to file it timely. Dominguez had an obligation to know the law if he was going to proceed pro se, and in that situation, he was no different than most petitioners. In other words, his circumstances were, for most of the time he proceeded pro se, not extraordinary. The Court does not adopt Chief Magistrate Judge Puglisi's finding that Dominguez did not diligently pursue his rights. The Court adopts, however, Chief Magistrate Judge Puglisi's finding that Dominguez did not timely file his petition, because it finds that there were no extraordinary circumstances that prevented Dominguez from timely filing his petition.

**IT IS ORDERED** that: (i) the Court adopts the findings in the Magistrate Judge's Report and Recommendation, filed November 29, 2010 (Doc. 18), except for the finding that Dominguez did not diligently pursue his rights; and (ii) the Court overrules Petitioner's Objections to the Magistrate Judge's Report and Recommendation, filed December 13, 2010 (Doc. 19), other than Dominguez objection to the finding that he did not diligently pursue his rights. The Court denies Dominguez' petition for writ of habeas corpus and will dismiss his case with prejudice.

 

                                                          /s/ James O. Browning
                                           UNITED STATES DISTRICT JUDGE

*Counsel:*

Kari Converse
  Assistant Federal Public Defender
Albuquerque, New Mexico

     *Attorney for Petitioner*

Gary K. King
  Attorney General for the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

     *Attorneys for the Respondents*